```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MICHAEL HAMMER,

                    Plaintiff,            04-CV-6248T

          v.                              DECISION
                                          and ORDER
JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Michael Hammer ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act, codified at 42 U.S.C. § 404 et seq. and § 1383 et seq., claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for Disability Insurance Benefits ("Disability") and Supplemental Security Insurance ("SSI"). Specifically, plaintiff claims that the findings of the Administrative Law Judge ("ALJ") were not supported by substantial evidence in the record, and that the findings of the ALJ contradict substantial evidence in the record of plaintiff's disability.

The Commissioner contends that the ALJ's findings were, in fact, supported by substantial evidence in the record, and now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff also moves for judgment on the pleadings, requesting that the Court issue and Order reversing the ALJ's decision denying plaintiff Disability and

SSI benefits, or in the alternative, remanding the matter for a new hearing before a different ALJ.

For the reasons set forth below, I find that there is not substantial evidence within the record to support the ALJ's decision denying plaintiff benefits. Accordingly, plaintiff's motion for judgment on the pleadings is granted and the Commissioner's motion for judgment on the pleadings is denied.

## BACKGROUND

Plaintiff is a 33 year old man who suffers from depression and panic disorder with agoraphobia. (R. 209, 257).[1] He has a tenth grade education and no graduate equivalency degree. (R. 113). His past work experience includes employment as a store clerk, maintenance worker and laborer. (Tr. 54, 64, 95). He takes a number of prescription medications to treat his depression and anxiety, including Imipramine and Xanax. (Tr. 253).

On March 6, 2003, plaintiff applied for Disability and SSI benefits for a disability that he alleges began on February 17, 2002. (R. 273). His application was denied initially and on reconsideration. (R. 26-34). A hearing was held on February 2, 2004, before ALJ Elliot Bunce. (R. 298-328). On April 15, 2004, ALJ Bunce issued a decision denying plaintiff benefits. (R. 11-

---

[1]All citations to "R." refer to the record attached to defendant's answer, which includes, inter alia, plaintiff's medical records, a transcript of the hearing before the ALJ and a copy of the ALJ's decision denying plaintiff social security and disability benefits. See Docket No. 2 (filed September 13, 2004).

20).  Specifically, the ALJ found that although plaintiff's depression and anxiety rendered him disabled within the meaning of the Act, he was not entitled to benefits because he retained the residual functional capacity to work as a "racker" or "waxer." Thereafter, plaintiff requested that the Appeals Council review the ALJ's decision.  (R. 10).  On May 22, 2004, the Appeals Council declined reconsideration of plaintiff's claim, and on June 3, 2004 he filed the instant action. (R. 6 and Docket No. 1).

## LEGAL STANDARD

A.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.  When considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938).

Under this standard, the court's sole inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  See also Diaz v. Shalala, 59 F.3d 307, 314 (2d Cir. 1995). The Commissioner's determination will only be reversed if it is not

supported by substantial evidence or if there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 44 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      B.   The Social Security Regulations

In determining disability, the Commissioner instructs adjudicators to follow a five-step sequence as stated at 20 C.F.R. § 404.1520:

1. An individual who is working and engaging in substantial gainful activity will not be found to be disabled regardless of medical findings;

2. An individual who does not have a "severe" impairment will not be found to be disabled;

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulations No. 4 (the "Listings"), a finding of disabled will be made without consideration of vocational factors;

4. If an individual is capable of performing work he or she has done in the past, a finding of not disabled must be made;

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520 (2003).

The plaintiff bears the burden of establishing a prima facie case of disability. Plaintiff must show that he has not engaged in any substantial gainful activity and that her impairment is severe

and prohibits her from returning to the type of work in which he was formerly engaged. See Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980). Once plaintiff has set forth his case, "the burden shifts to the [Commissioner] to produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform considering not only his physical capability, but as well his age, his education, his experience and his training." Id. (citations and footnote omitted).

## DISCUSSION

Plaintiff alleges that he is entitled to Disability and SSI benefits because he suffers from severe panic attacks which prevent him from performing any occupation within the national economy. He alleges that the ALJ erred when:(1) the hypothetical question he posed to the vocation expert failed to adequately represent plaintiff's condition; (2) he failed to give proper weight to the opinion of plaintiff's primary care physician; and (3) he failed to properly evaluate plaintiff's credibility.

The Commissioner argues, however, that the ALJ's determination that plaintiff is capable of gainful employment is supported by substantial evidence within the record.

In the course of his analysis, ALJ Bunce followed the five step procedure required by the Federal Regulations. In his decision dated April 15, 2004, he found that plaintiff: (1) had not

engaged in substantial gainful activity since the alleged disability onset date of February 17, 2002; (2) suffered from a combination of "severe" impairments, specifically depressive disorder and panic with agoraphobia; (3) does not have an impairment or a combination of impairments that meets or equals one of the listed impairments listed in Appendix 1, subpart P, Regulation No. 4; (4) did not have the residual functional capacity to perform his past relevant work; and (5) did have the residual functional capacity to perform work at a simple exertional level, such as a waxer or racker.  (Tr. 15-19).  The ALJ also found plaintiff to be not credible and determined that the opinions of plaintiff's treating physicians should not be given controlling weight.

After thorough review of the record, I find that there is insufficient evidence to support the ALJ's determination that plaintiff retains the residual functioning capacity to work as either a racker or a waxer.  Rather, the record clearly demonstrates that plaintiff's disabling conditions prevent him from maintaining any type of gainful employment.

First, the ALJ ignored the true nature of plaintiff's depression.  He concluded that plaintiff's disabling disorders interfered with his ability to cope with stressful work tasks, such as decision-making. (Tr. 17).  However, the record is replete with evidence that plaintiff's disabling panic attacks are derived not

from the job itself, but rather from any contact he may have with public places.  (Tr. 51, 81, 83, 87, 96, 114, 167, 178, 179, 193, 308).  The ALJ determined that plaintiff suffers from agoraphobia, which is an abnormal fear of open or public places.  See www.dictionary.com  (Last accessed on May 17, 2005).  The record indicates that plaintiff is unable to complete routine tasks such as grocery shopping because they will often trigger panic attacks.  (Tr. 96, 114).  Once a panic attack occurs, plaintiff is unable to concentrate, his heart pounds, his mind races and he feels faint.  (Tr. 178, 308).  Typically, the attacks last anywhere from 45 minutes to several hours, and while he was working he would experience these attacks 6 to 12 times a week.  (Tr. 308 and 114).  In order to avoid experiencing an attack, plaintiff avoids crowds and open spaces, and often prefers to stay at home.  (Tr. 51, 81, 83, 87, 96).  Based on these facts, I find that plaintiff suffers from a disability which prevents him from maintaining gainful employment of any sort.

Second, the ALJ's determination that plaintiff could perform work as either a racker or waxer lacks support in the record, since he based that determination on the vocational expert's answer to an incomplete hypothetical question.  In asking the vocational expert's opinion of plaintiff's functional capacity, the ALJ asked him hypothetically, whether there exists any unskilled entry level occupations which could be performed by an individual (this

plaintiff) who could "perform work at any exertional level that consists of no more than simple, routine repetitious tasks, with one or two-step instructions." (Tr. 319). The vocational expert opined that someone with the capabilities specified in the hypothetical would be able to work either as a racker or a waxer. (Tr. 319-322). However, the ALJ's hypothetical question is an inaccurate characterization of plaintiff's disabilities, since it does not include any of the symptoms that plaintiff experiences when he suffers a panic attack. Given the severity and frequency of plaintiff's panic attacks, any accurate hypothetical question must, at the very least, acknowledge this specific disability. Since ALJ Bunce relied upon the vocational expert's opinion which did not contain a complete factual basis, that conclusion is of little weight. Moreover, as explained above, the record contains ample evidence that plaintiff's disabilities prevent him from performing any job within the national economy.

Lastly, ALJ Bunce improperly discredited plaintiff's subjective testimony regarding the severity and frequency of his panic attacks. Statements about a plaintiff's pain or other symptoms will not alone establish that he is disabled; "there must be medical signs and laboratory findings which show that a medical impairment(s) could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and

persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a). When evaluating the intensity and persistence of the symptoms, including pain, all available evidence will be considered, including medical history, the medical signs and laboratory findings and statements about how the symptoms affect the plaintiff.

Here, ALJ Bunce concluded that plaintiff's "assertions regarding the nature and severity of any mental impairment are not totally credible," based on: (1) a perceived inconsistency in the record which the ALJ interpreted to mean that plaintiff suffered no panic attacks after January 2003; and (2) plaintiff's level of activity while at home. (Tr. 17). However, this is not an accurate assessment. A report completed by psychiatrist Dr. Chun shows that plaintiff was still suffering panic attacks 4 to 5 times a week in April of 2003. (Tr. 253). In addition, as explained above, plaintiff suffers from agoraphobia, thus, his level of activity at home has little bearing on the severity or frequency of the panic attacks he suffers in public spaces. Since the record contains questionnaire responses and summary reports from plaintiff's numerous physicians and psychologists as well as chart notes which support his subjective assertions as to the severity and frequency of the attacks, and the record contains no evidence

from any other treating or consultative physicians which would contradict these opinions, the ALJ was incorrect to discount plaintiff's testimony.

## **CONCLUSION**

After thorough review of the record, I find that there exists insufficient evidence to support the ALJ's finding that plaintiff possesses the residual functioning capacity to work as either a racker or a waxer, and thus is ineligible to receive benefits. Accordingly, plaintiff's motion for judgment on the pleadings is granted, and the Commissioner's motion for judgment on the pleadings is denied.

I hereby reverse the decision of the Commissioner and remand solely for the immediate calculation and payment of benefits.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
--------------------------------
   MICHAEL A. TELESCA
United States District Judge

Dated:   May 24, 2005
         Rochester, New York